IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL PATRICK GIAMBALVO,
    Plaintiff,

v.                 Civil Action No. 1:11CV-14

UNITED STATES OF AMERICA,
    Defendant.

**DEFENDANT UNITED STATES' MEMORANDUM IN SUPPORT OF ITS ARGUMENT THAT ANY RECOVERY BY PLAINTIFF IS LIMITED TO THE AMOUNT SOUGHT IN HIS AMENDED ADMINISTRATIVE CLAIM**

   Now comes the Defendant, United States of America, by Erin K. Reisenweber and Alan G. McGonigal, Assistant United States Attorneys for the Northern District of West Virginia, and pursuant to this Court's Order, submits its memorandum in support of its position that any recovery that might be awarded to plaintiff is limited to the amount plaintiff sought in his amended administrative claim, as filed on June 10, 2009.  As set forth in the Parties' Joint Pretrial Order at Paragraph 6A.(2), plaintiff raises the question of whether "newly discovered evidence has come to light after the filing of Giambalvo's Amended Administrative Claim" which would permit him to now seek compensation beyond the amount in his claim.  The United States submits the answer to that question is "no."  Moreover, the United States submits that the court's determination of this question can only be made once the parties have presented their evidence at trial.

**Applicable Law**

   Prior to filing an action in federal court pursuant to the Federal Tort Claims Act ("FTCA"), a plaintiff must first present the claim administratively to the appropriate federal

1

agency. 28 U.S.C. § 2675(a). Should the claim be denied and the plaintiff subsequently file suit in federal court, the damages sought in the resulting FTCA suit are generally limited to the amount of the plaintiff's administrative claim. Title 28 U.S.C. § 2675(b) provides that a plaintiff cannot seek damages under the FTCA in an amount greater than the amount the plaintiff originally sought in his administrative claim against the federal agency involved in the events giving rise to the suit, *unless* the "increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts." The burden is on the plaintiff to prove that he satisfies the exception as set forth in the statute. Adkins v. United States, 900 F.Supp.2d 621, 623 (citing Kielwien v. United States, 540 F.2d 676, 680-81 (4th Cir.), *cert. denied*, 429 U.S. 979 (1976).

However, there is a circuit split as to what constitutes "newly discovered evidence" or "intervening facts." The approach taken by the Fourth Circuit Court of Appeals is set forth in Spivey v. United States, 912 F.2d 80 (4th Cir. 1990). In Spivey, the Fourth Circuit determined that "[t]o recover damages in excess of [his] administrative claim . . ., plaintiff[] must show that *[his] prognosis and future disability* could not have been discovered prior to" the filing of the administrative claim. Id., at 85 (emphasis added). Moreover, "[d]iagnoses which are no more than cumulative and confirmatory of earlier diagnoses are neither 'newly discovered evidence' nor 'intervening facts' for the purposes of §2675(b)." See Kielwien v. United States, 540 F.2d 676, 680-81 (4th Cir.), *cert. denied*, 429 U.S. 979 (1976).

## Analysis

The removal of plaintiff's fourth right toenail, the event which plaintiff claims gave rise to the injuries about which he now complains, occurred on November 30, 2007. Plaintiff Giambalvo's original administrative claim was filed with the Bureau of Prisons on October 27,

2008 and sought damages in the amount of $250,000.00. See Exhibit 1, attached. However, on or about June 10, 2009, Plaintiff filed an amended claim to seek damages in the amount of $1,000,000.00. See Exhibit 2, attached. Upon the denial of that claim, Plaintiff proceeded to federal court and filed his Complaint [Document No. 1] pursuant to the Federal Tort Claims Act. He now seeks to recover damages exceeding $1,000,000.00. The United States contends that should the court determine, following the trial of this matter, that defendant is liable for defendant's injuries, the evidence the United States anticipates plaintiff will present at trial will fail to establish that "prognosis and future disability could not have been discovered prior to" the filing of the administrative claim. Moreover, because the burden is on the plaintiff and because the court's conclusion must be based upon evidence in the record, the United States only presents legal argument herein. See Spivey.

In anticipation of the possibility of having to rule on this issue, the United States refers the Court to the following:

- Spivey: The Fourth Circuit permitted the plaintiff to recover damages beyond what she originally sought in her administrative claim because she developed tardive dyskinesia[1], which was a side effect of medication she took for PTSD resulting from the car accident at issue in the case. The tardive dyskinesia simply did not yet exist when the administrative claim was originally filed, thus plaintiff's "prognosis and future disability could not have been discovered prior to" the filing of the claim. The evidence to be adduced at plaintiff's trial simply does not present a similar factual situation.

---

[1] According to MedlinePlus, a service of the U.S. National Library of Medicine, tardive dyskinesia is a disorder that involves involuntary movements. Most commonly, the movements affect the lower face. Tardive means delayed and dyskinesia means abnormal movement. http://www.nlm.nih.gov/medlineplus/ency/article/000685.htm

- <u>Adkins v. United States</u>, 990 F.Supp.2d 621 (S.D.W.Va. 2014).  District Court Judge Robert C. Chambers applied the <u>Spivey</u> standard to find that plaintiff was entitled to increased damages because even though it was known at the infant's birth that her developmental disabilities were severe and permanent, it was not confirmed until after the administrative claim was filed that the difficulties would be so significant.

- In <u>Chang-Williams v. United States</u>, 2011 WL 2680714 at *3 (D.Md. July 7, 2011) (unpublished and attached hereto), the district court found that "a new theory of damages can hardly be called 'evidence'" and "post-administrative-filing remorse is [clearly not] an "intervening fact" under section 2675(b)."

The United States submits that until plaintiff's medical experts, life care planner, and economist have testified and have been cross-examined, the court cannot yet make the determination it is being asked to make.  The United States proffers that the evidence will show that to allow plaintiff Giambalvo to recover damages beyond what he sought in his amended administrative claim would be the "nanization of the administrative *ad damnum*" that the court warned of in <u>Reilly v. United States</u>, 863 F.2d 149 (1st Cir. 1988) (finding that plaintiffs were *not* entitled to recover beyond their administrative claim because when the plaintiffs filed the claim, they knew their child had severe neurological damage, thus the physicians' confirmation after the claim was filed that the child would never be able to walk or talk did not constitute newly discovered evidence.)

Finally, as the burden lies with the plaintiff, the United States respectfully requests the opportunity to submit a post-trial memorandum on this issue as well, to properly argue the facts once they have been admitted into evidence.

Respectfully submitted,

WILLIAM J. IHLENFELD, II
United States Attorney

By: s/ *Erin K. Reisenweber*
Erin K. Reisenweber
Assistant U.S. Attorney
217 West King Street, Suite 400
Martinsburg, West Virginia 25401
(304) 262-0590

*s/ Alan G. McGonigal*
Alan G. McGonigal
Assistant U.S. Attorney
1125 Chapline Street, Suite 3000
Wheeling, West Virginia 26003
(304) 234-0100

5

**CERTIFICATE OF SERVICE**

I, Erin K. Reisenweber, Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that on November 21, 2014, I electronically filed the foregoing Defendant's Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Jay T. McCamic, Esq.
> McCamic, Sacco & McCoid, PLLC
> 56-58 Fourteenth Street
> P.O. Box 151
> Wheeling, West Virginia 26003

        WILLIAM J. IHLENFELD, II
        UNITED STATES ATTORNEY

By:    s/ *Erin K. Reisenweber*
        Erin K. Reisenweber
        Assistant United States Attorney
        217 West King Street, Suite 400
        Martinsburg, WV 25401
        Phone:  (304) 262-0590
        Fax:  (304) 262-0591